IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARY POWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 06 C 5272 |
| v. | ) |
| | ) |
| | ) Judge Ronald A. Guzmán |
| SERVICE EMPLOYEES | ) |
| INTERNATIONAL UNION, | ) |
| LOCAL 4, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Mary Powell ("Powell") has sued Service Employees International Union, Local 4 ("Local 4"), for race and age discrimination in violation of Title VII, 42 U.S.C. § 2000e-2, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623, and 42 U.S.C. § 1981. Defendant has moved pursuant to Federal Rule of Procedure ("Rule") 12(b)(6) to dismiss the Title VII and ADEA claims because they are untimely. For the reasons set forth below, the Court denies the motion.

## Background

Local 4 terminated plaintiff on July 15, 2005. (First Am. Compl. ¶ 13.) On August 19, 2005, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). (*Id.* at ¶ 6.) On July 3, 2006, the EEOC issued Powell a right to sue notice, which

plaintiff received on July 7, 2006.[1] (*Id.*)

On September 28, 2006, Powell submitted to the Court her complaint and application to proceed *in forma pauperis* ("IFP"). In an order entered on the docket on October 4, 2006, the Court denied Powell's IFP application but gave her thirty days, or until November 3, 2006, to pay the filing the fee. Powell paid the fee on October 30, 2006.

Defendant contends that Powell's suit is untimely because she did not pay the filing fee until after the ninety-day limitations period applicable to her ADEA and Title VII claims had expired.

### Discussion

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. *Forseth v. Vill. of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000). No claim will be dismissed unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

Title VII and the ADEA require plaintiffs to file suit within ninety days of their receipt of a right to sue notice from the EEOC. 42 U.S.C. § 2000e-5(f)(1); 29 U.S.C. § 626(e). In this court, a suit is filed when a complaint is submitted to the clerk along with the filing fee or an IFP petition. Fed. R. Civ. P. 3; Local Rule 3.3(b). If a plaintiff files an IFP petition, the limitations period applicable to her claims is tolled until a ruling is made on the petition. *Williams-Guice v. Bd. of Educ. of the City of Chi.*, 45 F.3d 161, 164 (7th Cir. 1995). If the court denies the petition, the

---

[1] The actual date Powell received the right to sue notice is not alleged the first amended complaint. Thus, the Court presumes that she received it three days after it was issued. *See Humphries v. CBOS West, Inc.*, 343 F. Supp. 2d 670, 673 (N.D. Ill. 2004) (including three days for service by mail pursuant to Rule 6(e) when the date plaintiff was notified that IFP petition was denied could not be determined from the complaint).

2

plaintiff must pay the filing fee within fifteen days thereafter or by whatever date the court sets, and the complaint is deemed filed when the filing fee is paid. Local Rule 3.3(e). When the court extends the time to pay the filing fee, a complaint is timely filed even though the fee is paid after the statutory limitations period has expired. *See Triplett v. Midwest Wrecking Co.*, 155 F. Supp. 2d 932, 935-36 (N.D. Ill. 2001) (stating that complaint was timely when filing fee was paid with court's permission ten days after end of limitations period).

Local 4 contends that Powell was required to pay the filing fee within fifteen days of being notified that her IFP petition was denied, or by October 19, 2006. This argument, however, ignores the thirty-day extension granted to plaintiff by this Court. *See id.* at 936 (holding that Local Rule 3.3(e) grants courts authority to extend the time for payment of the filing fee beyond Title VII's limitations period). Because Powell paid the filing fee on October 30, 2006, four days before the Court imposed cut-off date, Powell's complaint is timely.

## Conclusion

For the reasons set forth above, defendant's motion to dismiss [doc. no. 15] is denied.

SO ORDERED.   ENTERED: 7/26/07

HON. RONALD A. GUZMAN
United States District Judge

3